[No. 1967.]

## Jim Henderson v. The State.

1. PRACTICE — STATEMENT OF FACTS. — *It is within the power of the trial judge to enter, of his own motion, an order authorizing the filing of a statement of facts within ten days after the adjournment of the trial term of the court.*

2. SAME. — *A statement of facts, based upon an order of court awarding ten days after adjournment for the filing of the same, will not be considered on appeal if the same appears to have been filed after the expiration of ten days.*

3. SAME. — *A judgment of conviction will be reversed if it appears that, without the fault of the appellant or his counsel, the appellant has been deprived of a statement of facts. But see the opinion in this case for circumstances held to constitute laches on the part of the appellant.*

4. SAME. — CHARGE OF THE COURT, *in the absence of a statement of facts, will be considered on appeal only in connection with the allegations contained in the indictment.*

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. Nugent.

The conviction in this case was had upon an indictment which charged the appellant and four others, jointly, with the theft of five head of cattle, the property of Mat Hammons, in Erath county, Texas, on the 10th day of April, 1885. A term of two years in the penitentiary was the penalty assessed. The record brings up no authorized statement of facts.

*Lee Young* filed an able brief and argument for the appellant, both on the case and on a motion for rehearing, which was overruled.

*J. H. Burts,* Assistant Attorney-General, for the State.

HURT, JUDGE. This is a conviction for theft of cattle, the property of Mat Hammons. The court adjourned on the 14th day of November, 1885. An order to file the statement of facts ten days after adjournment was entered, but the statement of facts was not filed until the 30th of November, being more than ten days after adjournment. There is no bill of exceptions to any matter, in the record, but it appears that counsel for appellant prepared a statement and presented it to the judge on the last day of the term. Owing, however, to an unusual accumulation of business, it was be-

yond the power of the judge to make up a statement. This being the case, the order that the statement of facts be prepared and filed within ten days after adjournment was then entered. The judge then went to Hamilton county to hold court at that place, and during the term at Hamilton the pressure of business was such as to prevent the preparation of the statement. After the expiration of the ten days, the district attorney prepared a statement which was examined and compared with that prepared by counsel for defendant, and, with some amendments, was approved by the judge. This statement was sent to the clerk and ordered by the judge to be filed as of the time, but from some misunderstanding the clerk failed to file it as of the time, and it was not filed until the 30th of November.

Now it is urged by counsel for defendant, 1st, that, as the statement of facts was not filed within the ten days, this court cannot consider it at all; 2d, that, as appellant was not at fault, and being entitled to have his case revised with a statement of facts, the judgment should be reversed and the case remanded for another trial.

We hold, 1st, that the trial judge of his own motion can order that the statement of facts be filed within ten days after adjournment.

2d. That unless filed within the ten days this court will not consider it at all.

3d. If, without fault of appellant or his counsel, the appellant has been deprived of a statement of facts, the judgment will be reversed.

But, is appellant without fault; is there no laches at his door? This case was tried and judgment rendered on the 29th of October, and his motion for new trial was overruled on the 31st of the same month. Not till the 14th of November, it being the last day of the term, did appellant take any step towards procuring a statement of facts. Two weeks elapsed before any effort was made by appellant to obtain a statement of facts. Was there no laches in this? On the last day of the term, when the court, by an unusual accumulation of business, was pressed for time, appellant first moves in this matter. With ample time before him to attend to this business, he here asserts that he was not at fault. We are of the opinion that appellant was himself at fault, and hence for this matter the judgment will not be reversed.

There being no statement of facts, the charge of the court will be viewed alone in the light of the allegations in the indictment, and, thus considering the charge, no error appears therein of such a

character as to require a reversal of the judgment. The learned judge's views as to what facts constitute a party a principal may not be correct, but we cannot say, in the absence of a statement of facts, that, if erroneous, the error is not simply abstract, and without injury to defendant.

We find no reversible error in the record, and the judgment must be affirmed.

*Affirmed.*

[Opinion delivered February 13, 1886.]